**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **MELISSA R. CARR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:15-cv-1917-WTL-MPB** |
| | ) | |
| **NANCY A. BERRYHILL, Acting Commissioner of Social Security,**[1] | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Melissa R. Carr requests judicial review of the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Carr's application for Disability Insurance Benefits ("DIB") and Supplemental Security Insurance Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court, having reviewed the record and the briefs of the parties, now rules as follows.

## I. PROCEDURAL HISTORY

Carr protectively filed for DIB on May 16, 2012, alleging she became disabled on January 10, 2009. She filed for SSI on May 23, 2012. Carr's application was denied initially on August 30, 2012, and again upon reconsideration on January 2, 2013. Following the denial upon reconsideration, Carr requested and received a hearing before an Administrative Law Judge

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

("ALJ"). The hearing, during which Carr was represented by counsel, was held on April 14, 2014, before ALJ Albert J. Velasquez. The ALJ issued his decision on June 13, 2014, denying Carr's claims. Carr requested review by the Appeals Council, and on October 5, 2015, the Appeals Council denied review of the ALJ's decision. Thereafter, Carr filed this timely appeal.

## II. <u>APPLICABLE STANDARD</u>

Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i).[2] At step two, if the claimant does not have a "severe" impairment (*i.e.*, one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-

[2] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to SSI sections only, with the exception of DIB section cites where they provide information beyond that found in the SSI sections.

month duration requirement; if so, the claimant is deemed disabled, 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

If the claimant is disabled and there is medical evidence of drug addiction or alcoholism, the ALJ must determine whether the claimant's drug addiction or alcoholism is a contributing factor material to the determination of disability, unless the claimant is otherwise eligible for benefits due to age or blindness. 20 C.F.R. § 416.935. The ALJ evaluates the extent to which the claimant's mental and physical limitations would remain if the claimant stopped using drugs or alcohol. *Id.* If the remaining limitations would not be disabling, the substance use disorders are a contributing factor material to the determination of disability, and the claimant is not disabled. *Id.*

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony presented," he must "provide an accurate and logical bridge between the evidence and [his] conclusion that a claimant is not disabled." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). "If a decision lacks evidentiary support or

is so poorly articulated as to prevent meaningful review, a remand is required." *Id.* (citation omitted).

## III. ALJ VELASQUEZ'S DECISION

ALJ Velasquez determined at step one that Carr had not engaged in substantial gainful activity since January 10, 2009, the alleged disability onset date. Record at 17. At step two, the ALJ concluded that Carr had the severe impairments of insulin-dependent diabetes mellitus, cirrhosis of the liver, Hepatitis C, chronic pancreatitis, chronic obstructive pulmonary disease, alcohol dependence, post-traumatic stress disorder, and bipolar disorder, as well as the non-severe impairments of hypertension and tinnitus. *Id.* At step three, the ALJ determined that Carr's impairments meet Listings 12.04 and 12.09 when she is engaged in substance abuse. *Id.* He determined that, if Carr stopped abusing substances, she would continue to have severe impairments or combination of impairments, but that she would not have an impairment or combination of impairments that would meet or medically equal any listed impairment. *Id. at* 18-19. At step four, the ALJ determined that Carr would have the following residual functional capacity ("RFC"), if her substance abuse stopped:

> [T]he claimant would have the [RFC] to perform light work . . . as the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday. The claimant needs work that allows her to alternate between sitting and standing at her option for 1-2 minutes each hour. The claimant can never climb ladders, ropes or scaffolds but can occasionally climb ramps and stairs; and occasionally balance, stoop, and crouch but never kneel or crawl. The claimant must avoid concentrated exposure to fumes, gases, respiratory irritants, extreme heat/cold, and humidity. The claimant must avoid work at unprotected heights or work around dangerous moving machinery, open flames, and large bodies of water. The claimant cannot operate a motor vehicle. The work should not require more than 2-3 steps per tasks [sic]. The claimant needs work that does not require more than superficial interaction with the public, coworkers or supervisors.

R. at 21.

The ALJ determined that Carr had no past relevant work, but would be capable of performing work that exists in significant numbers in the national economy if she stopped abusing substances. R. at 28. Ultimately, the ALJ concluded that Carr's substance abuse disorder was a contributing factor material to the determination of her disability and that, as a result, from the alleged onset date through the date of his decision, Carr was not disabled within the meaning of the Act. R. at 29.

## IV. EVIDENCE OF RECORD

The ALJ's decision in combination with Carr's brief (Dkt. No. 22) aptly set forth the medical evidence of record, which need not be recited here. Specific facts are introduced in the discussion section below where relevant.

## V. DISCUSSION

In her brief in support of her Complaint, Carr argues that substantial evidence does not support the ALJ's determination that Carr's substance abuse was a contributing factor to the determination that she was disabled. Specifically, Carr contends that the ALJ "repeatedly combined [Carr's] mental impairments with her substance abuse to find she was disabled without distinguishing which of the two factors predominated in causing her disability." Dkt. No. 22 at 10. Carr argues that "[t]he psychological evidence indicated that she would continue to be disabled even if she stopped using substances." Dkt. No. 26 at 4.

An ALJ must consider all relevant evidence when making a disability determination. 20 C.F.R. § 416.920(a)(3). However, a claimant's substance abuse is specifically precluded by statute from contributing to entitlement to benefits. 42 U.S.C. § 423(d)(2)(C). When a claimant has both a potentially disabling condition and abuses substances, the ALJ must consider whether the claimant's condition would be disabling absent the claimant's substance abuse. 20 C.F.R. §

416.935. If so, the claimant is disabled and entitled to benefits. *Id.* If not, the claimant will not be disabled according to the Act. *Id.*

The ALJ recognized that Carr had a history of anxiety and depression, but found that Carr's impairments did not preclude her from completing basic work-related activities. R. at 28. To support this conclusion, the ALJ cited to substantial evidence in the record that showed that Carr's substance abuse contributed to causing her disabling condition.[3] Although the ALJ noted that her impairments or combination of impairments would remain severe if she stopped abusing substances, he determined that Carr's conditions would not meet or medically equal the listing criteria that her impairments met when accounting for her substance abuse. Rather, the ALJ determined that the paragraph B and C criteria for Listings 12.04, 12.06, and 12.09[4] would not be satisfied if she stopped abusing substances. Specifically, he found that Carr would have only mild restriction in activities of daily living if she stopped abusing substances. He relied on record evidence to support his conclusion, referring to Carr's indications that she regularly engaged in activities of daily living; to treating physician reports that, when not engaging in substance abuse, Carr appeared to engage in self-care at appointments; and to the state agency psychological consultant opinions finding only mild limitations in Carr's daily living activities. R. at 19. The ALJ also determined that, if she stopped abusing substances, Carr would have moderate difficulties in social functioning. He relied on record evidence showing that Carr suffered from anxiety and agitation around others, which was heightened when she abused substances, but that also showed that her condition improved with medication. R. at 19. The

[3] Because Carr does not challenge any of the ALJ's findings regarding her physical limitations, those will not be discussed here.

[4] At the time of the ALJ's decision, Listings 12.04, 12.06 and 12.09 were for "Affective Disorders," "Anxiety Related Disorders," and "Substance Addiction Disorders," respectively. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (Feb. 26, 2014).

ALJ further concluded that, if she stopped abusing substances, Carr would have only moderate difficulties with concentration, persistence, or pace. He relied on evidence that treating physicians and the consultative psychological examiner noted that Carr maintained attention during appointments, retained information, and followed instructions. R. at 20. The ALJ further determined that Carr would experience no episodes of decompensation if she stopped abusing substances because she had no episodes of decompensation. *Id.*

The ALJ acknowledged that, although Carr testified at the hearing that she suffered from paranoia and auditory hallucinations, there was no record evidence of paranoia or hallucinations absent substance use. R. at 26. He also noted that Carr's problems interacting with others occurred during times when she was under the influence. R. at 18. The ALJ relied on evidence that Carr complained of anxiety and agitation, but showed that medication and therapy lessened her anxiety, agitation, and depression. R. at 24-25. He pointed out that the record evidence showed that Carr even sought to discontinue taking medications, which she did in October 2013. R. at 26. In finding that Carr was not disabled independent of her substance abuse, the ALJ relied on, and discussed extensively, Dr. Gloria Makapugay's psychiatric treatment records from 2010 through 2013, emergency room records from 2011, a consultative psychological examination in October 2011, and Dr. Julia Hyland's psychological evaluations during Carr's incarceration in 2013. R. at 24-26. Substantial evidence supports the ALJ's determination that Carr's substance abuse was a contributing factor material to a finding of disability. Therefore, the ALJ satisfied his obligation to articulate the reasons for his decision. Accordingly, the Court declines to reverse the Commissioner's decision.

## VI. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **AFFIRMED**.

SO ORDERED: 3/6/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification